IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ESSOCIATE, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEVERBLUE MEDIA, INC., <br><br> Defendant. | CASE NO. 11-cv-714 <br><br> DEMAND FOR JURY TRIAL |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Essociate, Inc. hereby alleges for its complaint against defendant Neverblue Media, Inc. ("Defendant") on personal information as to Plaintiff's own activities, and upon information and belief as to the activities of others, as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### PARTIES

2. Plaintiff ESSOCIATE, INC. is a Delaware corporation with its principal place of business in California.

3. Essociate is the owner of U.S. Patent No. 6,804,660 ("the '660 Patent"), entitled "System Method and Article of Manufacture for Internet Based Affiliate Pooling", issued October 12, 2004 (copy attached as Exhibit A).

4. Essociate is the owner of the entire right, title, and interest in the '660 Patent and has standing to sue for all past, present, and future infringement of the '660 Patent.

5. Upon information and belief, Defendant NEVERBLUE MEDIA, INC. is a Canadian corporation with its principal business address at 1221 Broad Street, Suite 201, Victoria, B.C., V8W 2A4, Canada. Upon information and belief, Neverblue Media, Inc. transacts business and has provided to customers in this judicial district and throughout the State of Wisconsin products and/or services that infringe and/or induce infringement of, and/or contribute to infringement of, one or more claims of the '660 Patent.

6. Upon information and belief, Defendant manufactures, imports into the United States, sells, offers for sale, and/or uses software products that infringe one or more claims of the '660 Patent. Upon information and belief, such software products are offered for sale to customers in this judicial district and throughout the State of Wisconsin.

## JURISDICTION AND VENUE

7. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Personal jurisdiction over Defendant is proper in this court. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

## ESSOCIATE'S BUSINESS AND PATENTED TECHNOLOGY

9. Michael Landau and Evan Horowitz founded Essociate to develop and provide to customers new and more effective affiliate marketing products and services.

10. As a testament to the innovations of Messrs. Landau and Horowitz, they were issued the '660 Patent for the novel affiliate marketing technology they invented.

11. Essociate owns the '660 patent and provides services to many customers throughout the United States based on the technology disclosed in the '660 Patent.

12. Essociate is still owned and controlled by Messrs. Landau and Horowitz.

**DEFENDANT'S INFRINGEMENT OF THE '660 PATENT**

13. Upon information and belief, Defendant has infringed and continues to infringe the '660 Patent under 35 U.S.C. § 271(a) by making, using, modifying, upgrading, performing quality control, and providing support for its affiliate marketing software and/or hardware and/or other products and/or services provided by means of that software and/or hardware.

14. Upon information and belief, Defendant has also been and is directly infringing the '660 Patent under 35 U.S.C. § 271(a) by selling, offering for sale, and/or importing into the United States affiliate marketing software and/or other products and/or services that infringe one or more claims of the '660 patent.

15. Upon information and belief, Defendant's customers and other users of Defendant's software and other products and the services provided by means of that software and/or hardware and other products, have been and are directly infringing one or more claims of the '660 Patent under 35 U.S.C. § 271(a).

16. Upon information and belief, Defendant has been and is actively inducing infringement of one or more claims of the '660 Patent under 35 U.S.C. § 271(b) by providing to customers, including customers in this judicial district, its affiliate marketing software and other products, as well as services provided by means of its affiliate marketing software and other products, along with instructions and directions that result in the use of the methods, computer programs, and systems disclosed and claimed in the '660 Patent. On information and belief, Defendant knew, or should have known, that its

customers and other users of its services would use Defendant's affiliate marketing software and other products to infringe the '660 Patent and intended such infringement.

17. Upon information and belief, Defendant has been and is contributorily infringing one or more claims of the '660 Patent under 35 U.S.C. § 271(c) by making, selling, and/or offering for sale to customers, including customers in this judicial district, its affiliate marketing software and other products, as well as services provided by means of its affiliate marketing software and other products. Defendant's affiliate marketing software and other products are each a material part of the invention claimed in the '660 patent, are not staple articles or commodities of commerce, and have no substantial non-infringing use. Upon information and belief, Defendant knew, or should have known, that its affiliate marketing software and other products were especially made or adapted for an infringing use.

18. Defendant's infringement, contributory infringement, and inducement to infringe the '660 Patent has been willful and has deliberately injured and will continue to injure Essociate unless and until the Court enters a preliminary and permanent injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale, and/or offer for sale of products that infringe the '660 Patent.

## CAUSE OF ACTION
## INFRINGEMENT OF U.S. PATENT NO. 6,804,660

19. Defendant has infringed and is infringing the '660 Patent by making, using, offering for sale, and selling in the United States, without authority, products and services that infringe one or more claims of the '660 Patent.

20. Defendant's infringement of the '660 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284.

21.   Defendant's infringement of the '660 Patent is exceptional and entitles Essociate to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

22.   Defendant's acts of infringement have caused damage to Essociate, and Essociate is entitled to recover from Defendant compensation as a result of Defendant's wrongful acts in an amount subject to proof at trial, injunctive relief, and such other relief as may be appropriate.

## DEMAND FOR JURY TRIAL

23.   Essociate demands a trial by jury under Federal Rule of Civil Procedure 38(b).

## RELIEF REQUESTED

WHEREFORE, Essociate asks this Court to enter judgment against Defendant and against Defendant's subsidiaries, affiliates, agents, servants, and employees and all persons in active concert or participation with them, granting the following relief:

A.   A judgment or order declaring that Defendant has infringed, induced others to infringe, and/or contributorily infringed the '660 Patent;

B.   A judgment, order, or award of damages adequate to compensate Essociate for Defendant's infringement of the '660 Patent, based on lost sales, lost profits, price erosion, loss of market share, or any other applicable theory, together with prejudgment interest from the date infringement of the '660 Patent began;

C.   Preliminary and permanent injunctions prohibiting further infringement, inducement, and contributory infringement of the '660 Patent;

D. A finding that this case is exceptional and an award to Essociate of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

E. Increased damages as permitted by 35 U.S.C. § 284, together with prejudgment interest; and

F. Such other and further relief as this Court or a jury may deem proper and just.

Dated October 18, 2011.   Respectfully Submitted,

NEWMAN DU WORS LLP

/s/ Derek Linke
Derek A. Newman
Derek Linke
John Du Wors
1201 Third Avenue, Suite 1600
Seattle, WA  98101
Telephone:   (206) 274-2800
Facsimile:   (206) 274-2801
*derek@newmanlaw.com*
*linke@newmanlaw.com*
*john@newmanlaw.com*

Attorneys for Plaintiff Essociate, Inc.